IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP R. BERGER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:04-cv-0624 |
| | ) Judge Thomas M. Hardiman |
| GEOSONICS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Presently before the Court is Plaintiff Philip R. Berger, Jr.'s Motion for Taxation of Costs and Attorney's Fees pursuant to Fed. R. Civ. P. 54, 43 Pa. Cons. Stat. §260.9a(f), and 28 U.S.C. §1920. For the reasons that follow, Plaintiff shall be awarded attorney's fees and costs in the amount of $19,998.80.

### I. Background

On April 23, 2004, Plaintiff filed a four-count Complaint against his former employer, GeoSonics, Inc. (GeoSonics), the GeoSonics, Inc. 401(k) Profit Sharing Plan (the Plan), GeoSonics' Chief Executive Officer, Don Froedge, and GeoSonic's Chief Financial Officer and Plan administrator, Marion Henry. The Complaint was amended twice, with the Second Amended Complaint containing three counts arising under the Employee Retirement Income Security Act, 29 U.S.C. §1001 *et seq.* (ERISA), alleging that Berger had been improperly denied certain funds due to him from the Plan upon his separation from the company. The Second Amended Complaint also stated a claim against all Defendants under the Pennsylvania Wage Payment and Collection Law, 43 Pa. Cons. Stat. §260.1 *et seq.* (WPCL) alleging that Plaintiff

was improperly deprived of compensation for accrued vacation days upon his separation from GeoSonics.

At the request of the parties, the Court conducted a bench trial on October 11, 2005. At trial, Plaintiff prevailed on his WPCL claim but was unsuccessful on his three ERISA claims. The Court determined that Plaintiff was entitled to compensation for three and one-third accrued vacation days, and Judgment was entered in favor of Plaintiff in the amount of $896.80. Pursuant to the statutory fee shifting provisions contained in the WPCL, 43 Pa. Cons. Stat. §260.9a(f), Plaintiff now seeks recovery of his costs and reasonable attorney's fees related to his successful WPCL claim.

**II. Legal Standards**

The WPCL provides a statutory remedy for an employer's breach of its contractual obligation to pay benefits and wages to its employees. The statute also mandates an award of reasonable attorney's fees to a successful plaintiff:

> The court in any action brought under this section shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow costs for reasonable attorney's fees of any nature to be paid by the defendant.

43 Pa. Cons. Stat. §260.9a(f); *see also Oberneder v. Link Computer Corp.*, 674 A.2d 720, 722 (Pa. Super. Ct. 1996) (award of attorneys fees mandatory under WPCL), *aff'd,* 696 A.2d 148 (Pa. 1997). Although the Pennsylvania courts have not spoken as to the preferred method for determining what constitutes a "reasonable" fee award under the WPCL, federal district courts in this Circuit have utilized the "lodestar" approach to calculating reasonable attorney's fees in WPCL cases. *See Clarke v. Whitney*, 3 F. Supp.2d 631, 633-34 (E.D. Pa. 1998).

The United States Court of Appeals for the Third Circuit has recently summarized the operation of the lodestar approach to determining reasonable attorney's fees:

> To fix the size of a prevailing party's fee award, a court must determine the appropriate billing rate for the party's attorneys as well as the number of hours those attorneys reasonably expended on the action. *See Blum v. Stenson*, 465 U.S. 886, 888, 79 L. Ed. 2d 891, 104 S. Ct. 1541 (1984) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983)). The product of an attorney's hourly rate and the number of hours spent is referred to as the "lodestar." *See, e.g., Student Pub. Interest Research Group v. AT & T Bell Lab.*, 842 F.2d 1436, 1441 (3d Cir. 1988) ("SPIRG"); *see also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 92 L. Ed. 2d 439, 106 S. Ct. 3088 (1986).
>
> A party seeking attorney fees bears the ultimate burden of showing that its requested hourly rates and the hours it claims are reasonable. *See Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). To initially satisfy this burden, "the fee petitioner must 'submit evidence supporting the hours worked and rates claimed.'" *Id.* (quoting *Hensley*, 461 U.S. at 433). If it wishes to challenge the fee award, the opposing party must then object "with sufficient specificity" to the request. *Id.* Once the opposing party has objected, the party requesting fees must demonstrate to the satisfaction of the court that its fee request is reasonable.

*Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005).

A defendant may challenge the reasonableness of the hourly rate requested or the reasonableness of the hours expended, and may also request reduction of the lodestar amount on the grounds that, *inter alia*, the hours expended were excessive, redundant or unnecessary. *Hensley*, 461 U.S. at 434. The lodestar amount may also be reduced to account for time expended litigating unsuccessful claims. *Hensley*, 461 U.S. at 434-437. The Court may affect this downward adjustment by "identify[ing] specific hours that should be eliminated, or it may simply reduce the award to account for limited success." *Hensley*, 461 U.S. at 436-437.

### III. Analysis

In the instant case, Defendants have not objected to the hourly rates proffered by Plaintiff for the services of his counsel.[1] The Court concurs that the rates proposed are reasonable and accurately reflect the rates charged by attorneys of comparable experience and expertise in this market.

#### A. Fees Incurred Through Entry of Judgment

Defendants challenge the calculations of the lodestar amount advanced by Plaintiff, specifically objecting to various clerical errors, including several instances of duplicative time entries and mathematical errors. The Court finds that these objections are well founded. As such, the Court will modify the lodestar amount by removing these duplicative entries and shall conduct its own calculation of the lodestar amount from the hours and rates provided to negate any errors in computation by the parties.

Likewise, Defendants have made substantive objections to several specific time entries. First, Defendants have asserted that the July 4, 2005 time entry of John Stember must be excluded from the lodestar calculation, as that entry charges 4.5 hours for revisions of a brief in opposition to summary judgment that never was filed. The Court agrees that fees incurred while preparing papers that were never filed should be deducted from the lodestar amount. *See, e.g., Clarke*, 3 F. Supp.2d at 635.

---

[1] The rates requested in this case are:
John Stember, Esq. – Partner – $350 per hour
Stephen Pincus, Esq. – Senior Associate – $275 per hour
Pamina Ewing, Esq. – Senior Associate – $275 per hour
Law Clerk time – $80 per hour

The Court also notes that while Plaintiff has attempted to segregate from the lodestar calculation all hours spent dealing solely with his unsuccessful ERISA claims, several time entries dealing solely with ERISA issues were erroneously included in Plaintiff's calculations. As such, the Court shall disregard attorney Stember's October 1, 2004 time entry of .75 hours and attorney Pincus' March 10, 2005 time entry of 1.5 hours when calculating the lodestar, as those entries deal exclusively with issues regarding the Plan which were implicated only by Plaintiff's ERISA claims.

As such, the Court calculates the lodestar in this case as follows:

|  | **Hours** | **Rate** | **Total** |
| --- | --- | --- | --- |
| John Stember | 59.45 | $350.00 | $20,807.50 |
| Stephen Pincus | 110.25 | $275.00 | $30,318.75 |
| Pamina Ewing | 11.7 | $275.00 | $3,217.50 |
| Law Clerks | 48.95 | $80.00 | $3,916.00 |
| **TOTAL** |  |  | **$58,259.75** |

In addition, Plaintiff has submitted receipts and invoices for expenses incurred in connection with the litigation in the amount of $2,365.45, making $60,625.20 the aggregate total of costs and fees attributable to activities undertaken, in whole or in part, in connection with Plaintiff's WPCL claim through the entry of judgment.

After calculating the lodestar amount, however, the Court has discretion to reduce further the total fees and costs awarded where time entries represent intermingled efforts expended pursuing both successful and unsuccessful claims. As the Court of Appeals has held:

> The court can adjust the lodestar downward if the lodestar is not reasonable in light of the results obtained. *Hensley*, 461 U.S. at 434-37. This general reduction accounts for time spent litigating wholly or partially

5

> unsuccessful claims that are related to the litigation of the successful claims. *Id.* at 436. This adjustment should be taken independently of the other adjustments and should be the first adjustment applied to the lodestar. *Black Grievance Committee v. Philadelphia Electric Co.*, 802 F.2d 648 (3d Cir. 1986), *vacated on other grounds*, 483 U.S. 1015, 97 L. Ed. 2d 754, 107 S. Ct. 3255 (1987).

*Rode v. Dellarciprete*, 892 F.2d 1177, 1184-85 (3d Cir. 1990). Here, an analysis of the issues in the case reveals that very little overlap of operative facts or legal theories existed between the ERISA and WPCL claims. Plaintiff has recognized as much in his briefing, suggesting that a 65% deduction would be adequate to account for the portion of intermingled time that was spent on ERISA issues. The Court agrees that a downward adjustment to the lodestar is warranted, as the issues in the case relating to the ERISA claims were eminently more complex and time-consuming than the relatively straight-forward WPCL claim.

The Defendant argues that the Court should adopt an 80% reduction of the lodestar amount and also advocates a further reduction of 60% because Plaintiff recovered approximately 30% of his damages claimed under the WPCL. Although the Court agrees that a deduction from the lodestar is warranted to exclude time spent on ERISA claims, the Court declines to further reduce the award to reflect the difference between the damages that Plaintiff claimed in connection with his WPCL claim and the damages that he was awarded on that same claim. Such a "proportionality" approach to attorney's fee awards has been expressly rejected by the Court of Appeals for the Third Circuit. *See Northeast Women's Center v. McMonagle*, 889 F.2d 466, 469 (3d Cir. 1988); *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1042 (3d Cir. 1996).

The Court finds that after deducting all time expended solely on ERISA issues from the lodestar amount on an hour for hour basis, the proper amount of attorney's fees can be determined by discounting the lodestar by 75%. Applying this multiplier to the lodestar figure of $60,625.20 results in an award of fees and costs incurred prior to the entry of judgment in the amount of $15,156.30.

### B. Fees Incurred For Preparation of Fee Petition

In addition to the costs and fees associated with litigating the WPCL claim to judgment, Plaintiff also is entitled to an award of fees for the preparation of a successful fee petition. *See Institutionalized Juveniles v. Sec. of Pub. Welfare*, 758 F.2d 897, 924 (3d Cir. 1985). Fee petitions are subject to a lodestar analysis that is separate from that applied to the underlying litigation. *Id.*

In the instant case, Plaintiff submitted time entries amounting to 15.7 hours in connection with the preparation of the fee petition and related briefing at an hourly rate of $275.00, and 1.5 hours at an hourly rate of $350.00. The Court finds these proposed hourly rates to be reasonable in light of the experience and expertise of the attorneys performing the work. As the preceding discussion has illustrated, the Plaintiff has been largely successful in his fee petition, and a review of the time entries attributed to preparing this petition reveals the claimed hours to be reasonable. No time documented as being applicable to the fee petition need be subtracted, and the Court finds that a deduction to the lodestar calculation is not warranted under the circumstances. As such, Plaintiff is entitled to an award of attorney's fees and costs in the amount of $4,842.50 in connection with the preparation of his fee petition.

## IV. Conclusion

For the reasons stated herein, Plaintiff, as the successful litigant of a WPCL claim, is entitled under law to an award of costs and fees in the amount of $19,998.80.

An appropriate order follows.

BY THE COURT:

*Thos M. Hardiman*

Thomas M. Hardiman
United States District Judge

cc: All counsel of record

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP R. BERGER, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GEOSONICS, INC, GEOSONICS, INC )<br>401(K) PROFIT SHARING PLAN, DON T. )<br>FROEDGE, and MARION HENRY, )<br>)<br>Defendants. ) | Civil Action No. 2:04-cv-0624 |

## ORDER

AND NOW, this 7th day of June, 2006, upon consideration of Plaintiff's Motion for Taxation of Costs and Attorney's Fees (Doc. No. 63), and all related briefing, it is hereby

ORDERED that said motion is GRANTED. Defendants shall pay to Philip R. Berger, Jr. statutory attorney's fees and costs in the amount of $19,998.80.

The Clerk is directed to mark this case CLOSED.

BY THE COURT:

_/s/ Thos M. Hardiman_
Thomas M. Hardiman
United States District Judge

cc:   all counsel of record